D. Maimon Kirschenbaum
Denise A. Schulman
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff and proposed*
*FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

| | |
|---|---|
| **MICHELLE DOUGHERTY, on behalf of herself and others similarly situated,** | **CASE NO.** |
| **Plaintiff,** | **COMPLAINT** |
| **v.** | **FLSA COLLECTIVE ACTION** |
| **2WITH DELI, CORP., and ANDREW WENGROVER,** | **DEMAND FOR JURY TRIAL** |
| **Defendants.** | |

-------------------------------------------------------x

Plaintiff, on behalf of herself and all others similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").  This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3.      Defendant 2With Deli, Corp. ("Sarge's Deli" or "Defendants") is a New York corporation that owns and operates Sarge's Deli restaurant Manhattan.

4.      Defendant Sarge's Deli has an annual gross volume of sales in excess of $500,000.

5.      Defendant Andrew Wengrover owns and operates Sarge's Deli.

6.      Defendant Wengrover is usually present at Sarge's Deli on a regular basis.  He supervises all affairs of the restaurant and has the ultimate authority with respect to hiring and firing, employee discipline and payroll issues.

7.      The restaurant's general manager, David Duprima, reports directly to Defendant Wengrover.

8.      Plaintiff Michelle Dougherty was employed by Defendants as a server from about 2010 until 2023.

## FLSA COLLECTIVE ACTION ALLEGATIONS

9.      Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt service employees employed by Defendants at Sarge's Deli on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

10.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions,

and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them proper overtime pay.  The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

11.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

**FACTS**

12.     Plaintiff's Consent to Sue form is attached hereto as Exhibit A.

13.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

14.     Defendants knew that nonpayment of minimum wage and nonpayment of overtime would economically injure Plaintiff and FLSA Collective Plaintiffs and violated federal and state laws.

15.     Defendants paid Plaintiff $10 per hour for her hours worked.

16.     This was less the full NY Minimum Wage and was in fact New York's foodservice workers minimum wage during the time Plaintiff worked.

17.     However, Defendants was not entitled to pay Plaintiff the lower foodservice workers' minimum wage, because they did not give Plaintiff any notice of the full minimum wage and/or any tip credits being applied to the minimum wage, as required by law.

18.     Plaintiff often worked more than 40 hours per week.

19.     For example, in the week ending 12/18/2022, Plaintiff worked at least 43 hours and was paid for 43 hours.

20.     Because Defendants' inappropriately calculated Plaintiff's rate as the foodservice workers' minimum wage, they inappropriately applied a tip credit to Plaintiff's overtime hours.

21.     Defendants committed the foregoing acts the Plaintiff and the FLSA Collective members.

22.     Plaintiff often worked shifts that lasted longer than 10 hours.  Her typical shift started at 11:00 a.m. and ended at 9:00 p.m.  Plaintiff often worked past her 9:00 p.m. ending time, depending on whether she had to finish serving a customer.

23.     When Plaintiff worked shifts that lasted longer than 10 hours, Defendants failed to pay her New York's "Spread of hours" premium, as required by law.

### FIRST CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.*
Brought by Plaintiff on Behalf of Herself
and the FLSA Collective Plaintiffs)**

24.     Plaintiff, on behalf of herself and other FLSA Collective Plaintiffs, realleges and incorporate by reference all previous paragraphs.

25.     Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek.

26.     At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the appropriate overtime rate for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

4

27.     At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the FLSA Collective Plaintiffs at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

28.     Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.***
**Brought by Plaintiff on Behalf of Herself)**

29.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

30.     Defendants knowingly paid Plaintiff less than the New York State minimum wage.

31.     Defendants did not pay Plaintiff the New York minimum wage for all hours worked.

32.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**THIRD CLAIM FOR RELIEF**
**(New York Overtime Violations,**
**N.Y. Lab. L. § 650 *et seq.*, N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4**
**Brought by Plaintiff on Behalf of Herself)**

33.     Plaintiff realleges and incorporates by reference all previous paragraphs.

34.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying proper overtime wages for all hours worked in excess of forty (40) hours in any workweek.

35.     Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate for hours worked in excess of forty (40) hours per workweek.

36.     As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
**(New York Spread of Hours Provisions, N.Y. Lab. L. §§ 650 *et seq.***
**N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6)**
**(Brought by Plaintiff on Behalf of Herself)**

37.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

38.     Plaintiff regularly had workdays that lasted more than ten (10) hours.

39.     Defendants willfully and intentionally failed to compensate Plaintiff one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

40.     As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FIFTH CLAIM FOR RELIEF
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**
**(Brought By Plaintiff on Behalf of Herself)**

41.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

42.     Defendants did not provide Plaintiff with the notices/wage statements required by N.Y. Lab. Law §§ 195(1) and 195(3).

43.     As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, prays for relief as follows:

A.     Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.     Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C.     An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

D.     Penalties available under applicable laws;

E.     Costs of action incurred herein, including expert fees;

F.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216,  N.Y. Lab. L. § 663 and other applicable statutes;

G.     Pre-judgment and post-judgment interest, as provided by law; and

H.      Such other and further legal and equitable relief as this Court deems necessary,

just and proper.

Dated:  New York, New York                Respectfully submitted,
        April 26, 2023
                                           JOSEPH & KIRSCHENBAUM LLP


                                           By:/s/ D. Maimon Kirschenbaum
                                           D. Maimon Kirschenbaum
                                           Denise A. Schulman
                                           32 Broadway, Suite 601
                                           New York, NY 10004
                                           Tel: (212) 688-5640
                                           Fax: (212) 981-9587

                                           *Attorneys for Named Plaintiff and
                                           proposed FLSA Collective Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.