UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHELLE DOUGHERTY, *on behalf of herself and on behalf of all others similarly situated*,

                Plaintiff,

– *against* –

2WITH DELI CORP., *and* ANDREW WENGROVER,

                Defendants.

**OPINION & ORDER**

23-cv-03496 (ER)

RAMOS, D.J.:

    Michelle Dougherty brought this action against defendants 2With Deli Corp. and Andrew Wengrover ("Defendants") on April 26, 2023, Doc. 1, and filed an amended complaint on July 6, 2023. Doc. 14. She alleged violations of the Fair Labor Standards Act ("FLSA"), various provisions of the New York Labor Law ("NYLL"), and the New York Codes, Rules and Regulations ("NYCRR"). *Id.* at ¶¶ 32–46. Dougherty claimed that Defendants failed to pay her the lawful minimum wage, overtime compensation, spread of hours, nor provided her notice and wage statements. *Id*. Before the Court is the parties' motion for the approval of their settlement agreement. Doc. 24. For the following reasons, the motion for settlement approval is DENIED.

**I.    LEGAL STANDARD**

    In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor ("DOL"). *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted). In determining whether the proposed settlement is fair and reasonable,

"a court should consider the totality of circumstances, including, but not limited to, the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Id*. (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)) (internal quotation marks omitted).

Courts may reject a proposed FLSA settlement if the parties do not provide the basis for the recovery figure, if they fail to include documentation supporting the reasonableness of the attorneys' fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06.

## II.   DISCUSSION

### A.  Range of Recovery

The proposed settlement agreement provides a total recovery of $50,000. Doc. 24–1 at 1. Pursuant to the agreement, Dougherty's counsel will receive approximately one third of the total settlement amount, namely, $16,400, for attorneys' fees and costs. *Id.* After attorneys' fees and costs, Dougherty will receive $33,600. *Id.* In consideration for the settlement award, the proposed agreement provides that Dougherty will relinquish "any and all past and present matters, claims, demands, and causes of action under the FLSA or NYLL . . . which Plaintiff has or might have, whether known or unknown, related to her work and employment with Defendants." Doc. 24–1 at 3.

The Court lacks certain information necessary to determine whether the proposed settlement amount is fair and reasonable. *Cheeks*, 796 F.3d at 201. Specifically, the following issues remain. First, the parties have failed to provide the Court with an

estimate of the number of hours that Dougherty worked or her hourly wage. The Court therefore has no sense of how the parties' counsel arrived at the settlement amount. *See Mamani v. Licetti*, No. 13-cv-7002 (KMW), 2014 WL 2971050, at *2 (S.D.N.Y. July 2, 2014) (rejecting a proposed settlement agreement in part because the parties failed to provide an estimate of the number of hours that the plaintiff had worked or hourly wage). Nor have the parties filed any declarations, affidavits, or exhibits to explain the settlement amount. *See Lopez v. Nights of Cabiria*, LLC, 96 F. Supp. 3d 170, 177 (S.D.N.Y. 2015) (requiring the parties to "explain the calculations and factual bases underlying the[] recovery amount[]" and holding that "in the absence of such . . . information, the [c]ourt [could not] discharge its duty to ensure that the proposed settlement [was] fair and reasonable").

Second, the parties have failed to provide the Court with an estimate of Dougherty's total recovery amount damages, were she to prevail on all of her claims against defendants. *See Khan v. Young Adult Inst., Inc.*, No. 18-cv-2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) (noting that courts evaluate reasonableness by comparing the proposed settlement amount to the plaintiff's maximum recovery amount). The proposed settlement merely states Dougherty's "maximum FLSA damages are $3,750," her "maximum compensatory damages for her NYLL claims are $57,00 in unpaid tip credit damages and $4,275 in unpaid spread of hours compensation" and that the total settlement amount is "85% of her total compensatory damages." Doc. 24 at 2. In a footnote, Dougherty's attorneys note that their client's "maximum possible recovery would include liquidated damages equal to the amount of her unpaid wages and $10,000 in penalties," but it is unclear to the Court if these figures were included in the recovery analysis. *Id*. at n.1.

3

### III. CONCLUSION

For the foregoing reasons, the request for settlement approval is DENIED without prejudice. *See Lopez*, 96 F. Supp. 3d at 176–82. The parties are instructed to do one of the following by December 4, 2023:

- Submit a revised motion for settlement approval to the Court. The revised motion and supporting documents shall provide: an estimate of the hours worked by Dougherty, and clear and explicit indications regarding her estimated total recovery and the component parts of that estimate.

- Stipulate to dismissal of the case without prejudice, which the Court need not approve under current Second Circuit case law. *See Cheeks*, 796 F.3d at 201 n.2.

The Clerk of the Court is respectfully directed to terminate the motion, Doc. 24.

It is SO ORDERED.

Dated:   November 21, 2023
         New York, New York

                                                    _____
                                                         EDGARDO RAMOS, U.S.D.J.