# WAGE AND HOUR SETTLEMENT AGREEMENT AND RELEASE

**THIS WAGE AND HOUR SETTLEMENT AGREEMENT AND RELEASE** ("Agreement") is made and entered into by and between, on the one hand, Michele Dougherty ("Dougherty" or "Plaintiff") and, on the other hand, 2With Deli, Corp. ("2With") and Andrew Wengrover (together, "Defendants") each individually referred to hereafter as a "Party" and collectively referred to hereafter as the "Parties." This Agreement is effective as of the date on which it is executed by the Parties (the "Effective Date").

**WHEREAS**, Dougherty initiated the Action on April 26, 2023 by filing the Complaint captioned *Michele Dougherty, on behalf of herself and others similarly situated v. 2With Deli, Corp. and Andrew Wengrover,* in the United States District Court, Southern District, Case No. 1:23-cv-03496-ER (the "Action");

**WHEREAS**, Dougherty alleges that Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and New York Labor Law, N.Y. Lab. Law §§ 190, *et seq.* ("NYLL") by, *inter alia*, failing to pay all wages due, failing to pay overtime wages, failing to pay spread of hours pay, failing to provide tip notice, and failing to furnish accurate wage statements;

**WHEREAS**, Defendants filed their Answer to the Complaint on June 27, 2023, and deny all liability under any of Plaintiff's claims and assert a number of affirmative defenses;

**WHEREAS**, Plaintiff filed an Amended Complaint on July 6, 2023;

**WHEREAS**, Defendants filed their Answer to the Amended Complaint on July 20, 2023, and deny all liability under any of Plaintiff's claims and assert a number of affirmative defenses;

**WHEREAS**, without any admission of liability, whether direct or indirect, or wrongdoing whatsoever, the Parties wish to resolve and settle any and all disputes and controversies between them relating to Dougherty's employment with Defendants for purposes of avoiding the time, uncertainties, and significant expense in further litigation;

**NOW, THEREFORE**, in consideration of the mutual obligations and undertakings of the Parties set forth in this Agreement, the Parties agree to settle the dispute between them as follows:

1. **CONSIDERATION.**

    a. **Settlement Amount.** Defendants shall pay Dougherty and her attorneys a total sum of Fifty thousand dollars and Zero cents ($50,000.00), which reflects all monies allegedly owed to Dougherty (the "Settlement Payment"), of which Thirty-three Thousand Six Hundred Dollars and Zero Cents ($33,600.00) will be apportioned to Dougherty (the "Dougherty Payment") and Sixteen Thousand Four Hundred Dollars and Zero cents ($16,400.00) will be apportioned to attorneys' fees and costs (the "Attorney Payment").

    b. **Components of the Settlement Payment.** The specific components of the Settlement Payment are as follows:

131593593.1

   i.   **Dougherty Payment.** The Dougherty Payment shall be paid by or on behalf of Defendants with one check made payable to "Michele Dougherty" in the amount of Thirty Three Thousand Six Hundred Dollars and Zero Cents ($33,600.00) apportioned as payment for unpaid wages and benefits, which amount will be subject to applicable federal, state, and local withholding taxes and reported on an IRS Form W-2.

   ii.   **Fee & Cost Payments.** The Attorney Payment shall be paid by or on behalf of Defendants by three (3) checks made payable to "Joseph & Kirschenbaum LLP" in the total amount of Sixteen Thousand Four Hundred Dollars and Zero cents ($16,400.00) according to the schedule set forth in paragraph 1.d. of this Agreement. The Attorney Payment represents attorneys' fees, costs, and expenses for services rendered on Plaintiff's behalf in connection with this Action, negotiations resulting in this Agreement, and acts performed in furtherance of this Agreement and shall be reported on an IRS Form 1099.

       1. In the parties' Letter for Settlement Approval, Plaintiff's Counsel will ask the Court to approve the Attorney Payment that is to be made from the Settlement Payment. This amount shall constitute full satisfaction of any claims for attorneys' fees or costs. Defendants shall not object, oppose, or otherwise comment on Plaintiff's Counsel's application for fees and costs.

       2. Plaintiff's Counsel reserves the right to appeal any order issued by the Court regarding an award of attorneys' fees and costs if the award falls below that requested. Any money requested for attorneys' fees and costs that is not approved by the Court, or by an appellate court, if there is an appeal, shall become part of the Dougherty Payment.

c.    The settlement check comprising the Dougherty Payment shall be delivered to Joseph & Kirschenbaum LLP, 32 Broadway, Suite 601, New York, New York 10004 no later than 30 days after Court approval of this Agreement.

d.    The Attorney Payment shall be delivered to Joseph & Kirschenbaum LLP, 32 Broadway, Suite 601, New York, New York 10004 on the following schedule: one (1) check in the amount of Five Thousand Eight Hundred Twenty Five Dollars and Fifty Six Cents ($5,825.56) delivered no later than 150 days after Court approval of this Agreement; one (1) check in the amount of Nine Thousand Seven Hundred Twenty Two Dollars and Twenty Two Cents ($9,722.22) delivered no later than 180 days after Court approval of this Agreement; and one (1) check in the amount of Eight Hundred Fifty Two Dollars and Twenty Two Cents ($852.22) delivered no later than 210 days after Court approval of this Agreement.

131593593.1

e.    As a precondition to the issuance of the Settlement Payment, Dougherty shall provide Defendants with an IRS Form W-4 and an IRS Form W-9 for the Dougherty Payment, and Joseph & Kirschenbaum LLP shall provide Defendants with an IRS Form W-9 for the Attorney Payment.

f.    Dougherty agrees that she is not entitled to any other compensation or benefits, including but not limited to vacation and paid time off, of any kind from Defendants, other than as described above.

g.    Dougherty agrees that she is not entitled to any further payment for attorneys' fees and costs.

2.    **RELEASE.**

a.    **Plaintiff.** Plaintiff, on behalf of herself and her heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns, in consideration of the sums and benefits described in paragraph 1 of this Agreement, hereby knowingly and voluntarily releases and covenants that she will dismiss the Action with prejudice against Defendants, and covenants not to sue Defendants, and their respective, direct or indirect, officers, directors, owners, shareholders, parents, affiliates, divisions, subsidiaries, members, board members, managers, supervisors, agents, predecessors, professional employer organizations, insurers, and counsel and their agents and employees (collectively, "Releasees") for any and all past and present matters, claims, demands, and causes of action under the FLSA or NYLL, including but not limited to those for unpaid wages, untimely wages, overtime wages, unpaid spread of hours, failure to provide tip notice, failure to furnish accurate wage statements or wage notices, liquidated damages, penalties, attorneys' fees and costs, and interest, which Plaintiff has or might have, whether known or unknown, related to her work and employment with Defendants. Plaintiff represents that she has no knowledge of any other presently unasserted claims against the Releasees. This Release shall be binding upon and inure to the benefit of Plaintiff's heirs, executors, administrators, successors, and assigns.

3.    **DEFAULT AND CONFESSION OF JUDGMENT.**

a.    **Effect of Failure to Make Timely Payments.** In the event that Defendants fail to make a timely payment according to the schedule set forth in paragraph 1 of this Agreement, the full remaining balance of the Settlement Payment shall come immediately due and payable, subject to the notice and cure terms outlined in paragraph 3(c) herein.

b.    **Confession of Judgment.** Simultaneously with the execution of this Agreement, each Defendant shall deliver to Plaintiff's counsel an original copy of an executed affidavit for confession of judgment in the amount of $50,000, less any payment made by Defendants, in the form attached hereto as Exhibit A. The affidavits for confession of judgment must bear original signatures, as opposed to copied or

131593593.1

electronic signatures. Plaintiff's counsel shall hold the affidavits for confession of judgment in escrow and shall not file them in any court unless and until Defendants default in the payment of the Settlement Sum and fail to cure their default in accordance with the notice and cure provisions set forth in paragraph 3(c) herein. Upon full payment of the Settlement Sum, Plaintiff's counsel shall immediately destroy or return the original copy of the affidavits for confession of judgment to Defendants' counsel and shall not retain any copies thereof.

c. **Notice to Cure.** If Defendants fail to make any of the payments required under this Agreement, Plaintiff shall notify Andrew Wengrover, Sarge's Delicatessen and Diner, 548 Third Avenue, New York, New York 10016, of Defendants' default via Federal Express or UPS next day delivery, marked "Confidential and Time-Sensitive – Please Open Immediately." If Defendants do not cure the default within ten (10) business days of the notice, all monies owed under this Agreement shall be immediately due in their entirety, less any payment made by Defendants, and Plaintiff may file the affidavits for confession of judgment.

d. **Attorneys' Fees and Costs.** Plaintiff shall be entitled to her reasonable attorneys' fees and costs incurred in effecting the confession of judgment and collecting on a judgment. In the event of any litigation to enforce a breach of this Agreement by any party, the prevailing party shall be entitled to receive reasonable attorneys' fees and costs.

4. **TAXATION AND NO TAX ADVICE.** Dougherty shall assume the responsibility of remitting to the IRS and any other relevant taxing authorities any and all amounts that are required by law to be paid out of any monies received, or other remuneration obtained, under this Agreement, without any contribution whatsoever from Defendants. Plaintiff shall indemnify Defendants for any tax liability they may face because of Plaintiff's failure to properly report to the IRS and any other relevant taxing authorities any and all amounts that are required by law to be paid out of any monies received, or other remuneration obtained, under this Agreement, except that Plaintiff shall not indemnify Defendants for any tax liability relating to the employer's share of payroll taxes. Nothing in this Agreement shall be construed as Defendants providing any advice regarding the reporting or payment of taxes or the tax consequences of Dougherty's participation in any portion of this Agreement.

5. **NO ADMISSION OF LIABILITY.** Nothing contained in this Agreement, or in any document that may be executed in connection herewith, is intended to be or shall be deemed, construed, or treated in any respect as an admission of any fault, wrongdoing, or liability, whether direct or indirect, on the part of any of the Releasees. Releasees completely deny that they are responsible or legally obligated for any claims or that they have engaged in any wrongdoing.

6. **VOLUNTARY AGREEMENT.** The Parties represent and warrant that they enter into this Agreement voluntarily, of their own free will, without any pressure or coercion from any person or entity.

131593593.1

DocuSign Envelope ID: 163C5026-B22C-4B62-8A73-4ED025134D56

7.  **ADVICE OF COUNSEL.** The Parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of the Agreement from counsel of their choosing. The Parties hereby represent that each has consulted their attorney(s) about the Agreement before signing it. The Parties further acknowledge that they have read this Agreement in its entirety, that they have had an opportunity to discuss it with counsel, that they understand its terms, that they are fully competent to enter into it, and that they have had a reasonable time within which to consider this Agreement and its terms before signing it.

8.  **SCOPE OF AGREEMENT.** This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior oral and written agreements or understandings related to the terms of this Agreement regarding Plaintiff's FLSA and NYLL claims. The Parties reserve their rights as to all matters not specifically covered by this Agreement. The terms of this Agreement may not be modified except by a writing signed by all Parties. The Parties request that before declaring any provision of this Agreement invalid, the Court shall first attempt to construe all provisions valid to the fullest extent possible consistent with applicable precedents and the intent expressed in this Agreement.

9.  **GOVERNING LAW.** This Agreement shall be governed, construed, and enforced in accordance with the laws of the State of New York.

10. **INTERPRETATION OF AGREEMENT.** The Parties agree that any person or entity interpreting or construing this Agreement shall not apply a presumption that any of its provisions should be more strictly construed against the Party who prepared the Agreement as all Parties have fully participated in the preparation of all provisions of this Agreement.

11. **PARAGRAPH HEADINGS.** Paragraph headings contained in this Agreement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any of its provisions.

12. **EXECUTION IN COUNTERPARTS.** This Agreement may be executed or electronically executed in multiple originals, each of which shall be considered as an original instrument, but all of which together shall constitute one Agreement, and shall be binding upon the Parties. A photocopy, facsimile, or electronic version of the original documents will have the same force and effect as the original. Notwithstanding the foregoing, the affidavits for confession of judgment be provided to Plaintiff's counsel with original, handwritten signatures and not electronic, photocopied, or facsimile signatures.

13. **SEVERABILITY.** Each provision of this Agreement is severable and, if any term or provision is held to be invalid, void, or unenforceable by a court of competent jurisdiction or by an administrative agency for any reason whatsoever, such ruling shall not affect the validity of the remainder of this Agreement.

14. **CONFLICT OF LAWS.** The Parties agree that the laws of the State of New York shall apply, without regard to conflict of laws principles.

131593593.1

**WHEREFORE**, the Parties hereto have voluntarily caused this Agreement to be signed as of the day and dates indicated below.

**Michele Dougherty**

Signature:

Date:            11/7/2023

**2With Deli, Corp.**

Signature:

By:

Date:            11/9/23

**Andrew Wengrover**

Signature:

Date:            11/9/23

131593593.1                                                6

# Exhibit A

131593593.1

UNITED STATES DISTRICT COURT          CASE NO. 1:23 cv 03496
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MICHELLE DOUGHERTY, on behalf of
herself and others similarly situated,

           Plaintiff,

    v.

2WITH DELI, CORP., and ANDREW
WENGROVER,

           Defendants.
-------------------------------------------------------x

## AFFIDAVIT FOR CONFESSION OF JUDGMENT

STATE OF NEW YORK    )
                      ) ss.:
COUNTY OF   NY      )

Andrew Wengrover, being duly sworn, deposes and says:

1.    I am the Owner of 2With Deli Corp., a Defendant in the above-captioned action.

2.    2With Deli Corp's address is 548 Third Avenue, New York, New York 10016.

3.    I make this affidavit pursuant to 3218 of the New York Civil Practice Law and Rules, in support of Plaintiff's application for the entry of a judgment by confession against 2With Deli Corp.

4.    This is a judgment to be confessed for money due. The facts out of which the debt arose and the sum confession due is set forth below.

5.    Plaintiff's instant lawsuit (the "Lawsuit") alleged that Defendants (1) failed to pay Plaintiff properly for all overtime hours worked; (2) failed to pay Plaintiff spread of hours compensation; and (3) failed to pay Plaintiff the New York minimum wage for all hours worked.

4893-8160-1814 v2

6.    Defendants filed an Answer to Plaintiff's Complaint and Amended Complaint denying all allegations in the Lawsuit, denying Plaintiff's entitlement to any relief whatsoever against Defendants, and interposing a number of affirmative defenses.

7.    In or around November 2023, the Parties executed a Wage and Hour Settlement Agreement and Release ("Agreement") in which the Defendants agreed to pay Fifty Thousand Dollars and Zero Cents ($50,000.00) consisting of one payment of $33,600.00 due 30 days after Court approval of the settlement, one payment of $5,825.56 due 150 days after Court approval of the settlement, one payment of $9,722.22 due 180 days after Court approval of the settlement, and one payment of $852.22 due 210 days after Court approval of the settlement.

8.    Under the terms of the Agreement, if Defendants are in default in the payment of any of the installments, Plaintiff shall notify Andrew Wengrover, Sarge's Delicatessen and Diner, 548 Third Avenue, New York, New York 10016, of Defendants' default via Federal Express or UPS next day delivery, marked "Confidential and Time-Sensitive – Please Open Immediately", of the default, and Defendants shall have ten (10) business days to remedy their default.

9.    If Defendants do not remedy their default within ten (10) business days of receiving Plaintiff's notice to cure, I hereby authorize the entry of judgment in the amount of Fifty Thousand Dollars and Zero Cents ($50,000.00), plus all reasonable attorneys' fees and costs incurred by Plaintiff in collecting this sum, and less any payment made by Defendants under the Agreement.

10.    I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction located in New York County, New York against 2With Deli Corp.

Dated: __NY__, New York          By: _____
          __11|9__, 2023              2With Deli Corp.
                                      Name: _____
                                      Title: _President_

AHMED JAWAD
Notary Public - State of New York
NO. 01JA6426391
Qualified in Suffolk County
My Commission Expires Dec 13, 2025

131593593.1

Sworn to before me this

___9___ day of ___November___, 2023

Notary Public

AHMED JAWAD
Notary Public - State of New York
NO. 01JA6426391
Qualified in Suffolk County
My Commission Expires Dec 13, 2025

131593593.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO. 1:23 cv 03496

------------------------------------------------------x
MICHELLE DOUGHERTY, on behalf of
herself and others similarly situated,

Plaintiff,

v.

2WITH DELI, CORP., and ANDREW
WENGROVER,

Defendants.
------------------------------------------------------x

## AFFIDAVIT FOR CONFESSION OF JUDGMENT

STATE OF NEW YORK    )
                   ) ss.:
COUNTY OF   NY    )

Andrew Wengrover, being duly sworn, deposes and says:

1.     My name is Andrew Wengrover. I am a Defendant in the above-captioned action.

2.     My business address is 548 Third Avenue, New York, New York 10016.

3.     I make this affidavit pursuant to 3218 of the New York Civil Practice Law and Rules, in support of Plaintiff's application for the entry of a judgment by confession against me.

4.     This is a judgment to be confessed for money due. The facts out of which the debt arose and the sum confession due is set forth below.

5.     Plaintiff's instant lawsuit (the "Lawsuit") alleged that Defendants (1) failed to pay Plaintiff properly for all overtime hours worked; (2) failed to pay Plaintiff spread of hours compensation; and (3) failed to pay Plaintiff the New York minimum wage for all hours worked.

6.     Defendants filed an Answer to Plaintiff's Complaint and Amended Complaint denying all allegations in the Lawsuit, denying Plaintiff's entitlement to any relief whatsoever against Defendants, and interposing a number of affirmative defenses.

131593593.1

7.      In or around November 2023, the Parties executed a Wage and Hour Settlement Agreement and Release ("Agreement") in which the Defendants agreed to pay Fifty Thousand Dollars and Zero Cents ($50,000.00) consisting of one payment of $33,600.00 due 30 days after Court approval of the settlement, one payment of $5,825.56 due 150 days after Court approval of the settlement, one payment of $9,722.22 due 180 days after Court approval of the settlement, and one payment of $852.22 due 210 days after Court approval of the settlement.

8.      Under the terms of the Agreement, if Defendants are in default in the payment of any of the installments, Plaintiff shall notify Andrew Wengrover, Sarge's Delicatessen and Diner, 548 Third Avenue, New York, New York 10016, of Defendants' default via Federal Express or UPS next day delivery, marked "Confidential and Time-Sensitive – Please Open Immediately", of the default, and Defendants shall have ten (10) business days to remedy their default.

9.      If Defendants do not remedy their default within ten (10) business days of receiving Plaintiff's notice to cure, I hereby authorize the entry of judgment in the amount of Fifty Thousand Dollars and Zero Cents ($50,000.00), plus all reasonable attorneys' fees and costs incurred by Plaintiff in collecting this sum, and less any payment made by Defendants under the Agreement.

10.     I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction located in New York County, New York against me.

Dated: _____, New York
_____11|9_____, 2023

By: _____
        Andrew Wengrover

Sworn to before me this

9 day of November, 2023

_____
        Notary Public

AHMED JAWAD
Notary Public - State of New York
NO. 01JA6426391
Qualified in Suffolk County
My Commission Expires Dec 13, 2025