UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHELLE DOUGHERTY, *on behalf of herself and on behalf of all others similarly situated*,

                 Plaintiff,

– *against* –

2WITH DELI CORP., *and* ANDREW WENGROVER,

                 Defendants.

**OPINION & ORDER**

23-cv-03496 (ER)

RAMOS, D.J.:

       Michelle Dougherty brought this action against defendants 2With Deli Corp. and Andrew Wengrover ("Defendants") on April 26, 2023, Doc. 1, and filed an amended complaint on July 6, 2023, Doc. 14. She alleged violations of the Fair Labor Standards Act ("FLSA"), various provisions of the New York Labor Law ("NYLL"), and the New York Codes, Rules and Regulations ("NYCRR"). *Id.* at ¶¶ 32–46. Dougherty claimed that Defendants failed to pay her the lawful minimum wage, overtime compensation, spread of hours compensation, and did not provide her with notice and wage statements. *Id.* On November 10, 2023, the parties submitted their first application for settlement approval. Doc. 24. On November 21, 2023, the Court declined to approve that application without prejudice because the parties had failed to provide the Court with an estimate of the number of hours that Dougherty worked or her hourly wage, and an estimate of Dougherty's total recovery. Doc. 25. Before the Court is the parties' revised motion for settlement approval. Doc. 26. For the reasons set forth below, the motion is GRANTED.

I.     **LEGAL STANDARD**

In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor ("DOL").  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  The parties therefore must satisfy the Court that their agreement is "fair and reasonable."  *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted).  In determining whether the proposed settlement is fair and reasonable, "a court should consider the totality of circumstances, including, but not limited to, the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion."  *Id*. (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)) (internal quotation marks omitted).  Courts may reject a proposed FLSA settlement if the parties do not provide the basis for the recovery figure, if they fail to include documentation supporting the reasonableness of the attorneys' fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases.  *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06.

II.    **DISCUSSION**

    **A.  Range of Recovery**

The proposed settlement agreement provides a total recovery of $50,000.  Doc. 26-1 at 1.  Pursuant to the agreement, Dougherty's counsel will receive approximately one third of the total settlement amount, namely, $16,400, for attorneys' fees and costs.  *Id.*  After attorneys' fees and costs, Dougherty will receive $33,600.  *Id.*

Dougherty estimates that her maximum recovery on all of her claims would be $132,550. Doc. 26-2. Thus, the settlement does not constitute full payment of all of Dougherty's claims. Rather, the $33,600 Dougherty will collect (her settlement award net of attorneys' fees and costs) represents approximately 25% of her total possible recovery. In the instant case, the proposed amount is fair and reasonable. *See Khan v. Young Adult Inst., Inc.*, No. 18-cv-2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) (collecting cases of reasonable FLSA settlements ranging from 25% to 40% of plaintiff's maximum recovery). There is value to Dougherty receiving a settlement without experiencing the risks and delays inherent in litigation. "Furthermore, the adversarial nature of a litigated FLSA case is typically an adequate indicator of the fairness of the settlement, and '[i]f the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.'" *Palma Flores v. M Culinary Concepts, Inc.*, No. 19-cv-1229 (ER), 2019 WL 6683827, at *2 (S.D.N.Y. Dec. 6, 2019) (citation omitted). Considering the aforementioned uncertainties and the risks of litigation, the settlement resolves bona fide disputes and reflects a reasonable compromise that fairly compensates Dougherty. *See Garcia v. Good for Life by 81, Inc.*, No. 17-cv-7228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that settlement amount was a "reasonable compromise of disputed issues") (citation omitted). Finally, this settlement resulted from arm's length negotiations where the parties were represented by experienced counsel at a Court-appointed mediation before a highly-qualified and experienced mediator. *See* Doc. 26 at 2. Accordingly, the Court finds that the proposed settlement amount is fair and reasonable.

### B. Attorneys' Fees & Costs

The Court further concludes that the proposed attorneys' fees and costs are reasonable. Dougherty's counsel will receive $16,400 for attorneys' fees and costs, which is approximately 33% of the total settlement amount. *Id*. at 3. This is a reasonable percentage, as "courts in this District routinely award one third of a settlement fund as a

reasonable fee in FLSA cases." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17-cv-3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citation omitted). Nonetheless, "courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11-cv-3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

Dougherty's counsel has submitted billing records for three attorneys, one paralegal, and one legal administrative assistant on this case: (1) managing partner Maimon Kirschenbaum, who bills at a rate of $500 per hour; (2) partner Denise Schulman, who bills at a rate of $500 per hour; (3) attorney Leah Seliger, who bills at a rate of $300 per hour; paralegal Evelyn Velesaca, who bills at a rate of $125 per hour; and legal assistant Jorge Aguirre, who bills at a rate of $125 per hour. Doc. 26 at 3–4; Doc. 26-3.

As to Kirschenbaum and Schulman, the Court finds that the hourly rate of $500 is reasonable. *See, e.g.*, *Bin Gao v. Jian Song Shi*, No. 18-cv-2708 (ARR), 2021 WL 1949275, at *17 (E.D.N.Y. Apr. 30, 2021) (noting that several 2021 decisions pursuant to *Cheeks v. Freeport Pancake House, Inc.*, approved hourly rates of $300 to $450 for partners); *Rodriguez v. 3551 Realty Co.*, No. 17-cv-6553 (WHP), 2017 WL 5054728, at *3 (S.D.N.Y. Nov. 2, 2017) (stating that although an hourly rate of $450 for partners is "somewhat higher than the presumptively reasonable rates in this District [in 2017], [it is] not beyond the pale"). Kirschenbaum and Schulman's hourly rates are commensurate with other similarly-experienced partners in the field.

As to Seliger, the Court finds that the hourly rate of $300 is reasonable. *See, e.g.*, *Lopez v. Emerald Staffing, Inc.*, No. 18-cv-2788 (SLC), 2020 WL 915821, at *13 (S.D.N.Y. Feb. 26, 2020) (noting that, as of 2020, courts in this District generally

4

awarded between $300 to $400 per hour). Seliger's hourly rate is thus commensurate with other similarly-experienced lawyers in the field.

Regarding Velesaca and Aguirre, the Court finds that the hourly rate of $125 is reasonable. "Hourly rates for paralegals of $100 to $150 per hour are typical for awards in this [d]istrict." *Diaz-Caballero v. Midtown Catch Corp.*, No. 18-cv-4672 (AT), 2020 WL 8880944, at *2 (S.D.N.Y. Apr. 15, 2020) (alterations in original) (citation omitted) (holding that the requested hourly rate of $100 was reasonable); *see also Quic v. Uncle Mario's Brick Over Pizza LLC*, No. 20-cv-. 8712 (RA), 2021 WL 4710794, at *2 (S.D.N.Y. Oct. 7, 2021) (approving proposed hourly rate of $125). Courts in this District have also approved similar hourly rates for legal assistants. *See Ravina v. Columbia Univ.,* No. 16-cv-2137 (RA), 2020 WL 1080780, at *7 (S.D.N.Y. Mar. 6, 2020) (approving $150 hourly rate for legal assistants). Velesaca and Aguirre's hourly rates are accordingly commensurate with other similarly-experienced professionals.

The records submitted by Dougherty's counsel show that Kirschenbaum spent 15.5 hours on this case, resulting in a lodestar of $7,750; Schulman spent 1.9 hours on the case at the $500 hourly rate, resulting in a lodestar of $950; Seliger spent 14.9 hours on this case at the $400 hourly rate, resulting in a lodestar of $5,960; Velesaca spent 2.4 hours on the case at the $125 hourly rate, resulting in a lodestar of $300; and Aguirre spent .7 hours on this case at the $125 hourly rate, resulting in a lodestar of $87.5. Doc. 26-3. Therefore, Dougherty's total lodestar in this case is $15,047.50.

Dougherty's counsel seeks a total of $16,400 in attorneys' fees. Doc. 26 at 3. The lodestar of $15,047.50, compared to the requested $16,400 of the settlement, results in a lodestar multiplier of approximately 1.09. Courts in this District have made clear that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). Accordingly, the Court accepts the multiplier of 1.09 and

determines that the $16,400 in attorneys' fees and costs is reasonable under the circumstances.

### C. Other Provisions

The Court finds all other provisions of the settlement agreement to be fair and reasonable, as it includes no objectionable release, non-disparagement, or confidentiality provisions.  *See* Doc. 26-1 at 1–5; *see also Doe v. Solera Capital LLC*, No. 18-cv-1769 (ER), 2021 WL 568806, at *1 (S.D.N.Y. Jan. 20, 2021).  With respect to Dougherty's obligations under the agreement, the release appropriately discharges "any and all past and present matters, claims, demands, and causes of action under the FLSA or NYLL . . . which Plaintiff has or might have, whether known or unknown, related to her work and employment with Defendants."  Doc. 26-1 at 3.  *See Solera Capital LLC*, 2021 WL 568806, at *1 ("factors that preclude approval include the presence of an overly broad release that waives claims beyond those related to wage-and-hour issues"); *Nights of Cabiria, LLC*, 96 F. Supp. 3d at 181 (finding that courts typically reject broad releases that "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues").  The agreement contains no confidentiality or non-disparagement provisions.  *See generally* Doc. 26-1.

For all the reasons stated herein, the Court approves the parties' settlement agreement.

### III. CONCLUSION

For the foregoing reasons, the Court finds that the revised settlement agreement comports with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and approves the agreement. The Clerk of Court is respectfully directed to terminate the motion, Doc. 26, and close the case.

It is SO ORDERED.

Dated:   December 5, 2023
        New York, New York

                                                    EDGARDO RAMOS, U.S.D.J.